UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RUIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 12-1628 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

David Ruiz filed this action on October 3, 2012. (Dkt. No. 3.) Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on October 29 and November 7, 2012. (Dkt. Nos. 8-9.) On April 23, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for proceedings consistent with this opinion.

# I.

## PROCEDURAL BACKGROUND

On May 25, 2010, Ruiz filed applications for disability insurance benefits and supplemental security income benefits. Administrative Record ("AR") 22. Both applications alleged an onset date of December 15, 2008. The applications were denied initially and upon reconsideration. *Id.* Ruiz requested a hearing. On January 12, 2012, an Administrative Law Judge ("ALJ") conducted a hearing at which Ruiz and a vocational expert ("VE") testified. AR 66-90. On March 13, 2012, the ALJ issued a decision denying benefits. AR 19-36. On July 25, 2012, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Ruiz met the insured status requirements through September 30, 2012. AR 24. He had the severe impairments of seizure disorder and schizoaffective disorder. *Id.*

Ruiz had the residual functional capacity ("RFC") to perform medium work. He "can lift and/or carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for six hours out of an eight-hour workday with regular breaks. He can sit for six hours out of an eight-hour workday with regular breaks. He is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. He should avoid concentrated exposure to hazards. He is limjted to work involving simple and repetitive tasks. He is limited to work involving no more than occasional contact with coworkers and no contact with the public." AR 27. Although Ruiz is unable to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that he can perform, such as industrial cleaner, production worker and packer. AR 34-35.

### C. Treating Physicians

Ruiz argues that the ALJ did not provide specific and legitimate reasons for discounting his treating physicians' opinions concerning seizure disorders and

3

schizoaffective disorder.[1]

An opinion of a treating physician is given more weight than the opinions of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn*, 495 F.3d at 632.

"'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'" *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation omitted) (emphasis omitted). However, a non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

The ALJ interpreted the treating records as indicating that Ruiz does not have seizures on a regular basis, and that his seizures are well controlled when he is compliant with his medications. AR 28-29.

---

[1] Ruiz's argument that the ALJ gave no weight to the treating records is rejected. The ALJ considered, discussed and relied on the treating records.

4

The ALJ's findings are supported by substantial evidence. In June 2009, it was noted Ruiz "has been well-controlled on Dilantin for a long period of time." AR 28, 263. Ruiz had a seizure episode in December 2008 when he was off Dilantin. AR 29, 622. Ruiz cites a medical record dated January 29, 2012, which states that his seizure was "uncontrolled as of 11/08" when his phenytoin (Dilantin) levels were low. JS at 6 (citing AR 275). However, this record is consistent with the ALJ's findings. On June 6, 2010, it was noted Ruiz had run out of Dilantin for 5 days. AR 600. In April 2011, Ruiz had stopped taking medications for four to five months. AR 29, 661. Although Ruiz argues he had a seizure in July 2010 when his Dilantin was at a therapeutic level[2] (AR 340), the ALJ considered those records. AR 30. The ALJ did not err.

However, the ALJ did not articulate specific and legitimate reasons for discounting the treating medical records as to Ruiz's mental health. The ALJ gave great weight to Dr. Goldman, the examining psychologist. In June 2010, Dr. Goldman assessed malingering and personality disorder NOS with antisocial features. Dr. Goldman stated that Ruiz's functional limitations could not be accurately assessed due to malingering. AR 282.

The ALJ also gave great weight to the state agency consultants. Although the ALJ described the consultants' RFC assessments as "nonpublic simple and repetitive tasks," AR 33, both consultants limited Ruiz to "simple one to two step tasks." AR 473, 639.

The distinction between simple repetitive tasks and simple one to two step tasks is material. Under the DOT, the General Educational Development ("GED") Scale measures "those aspects of education (formal and informal) which are

---

[2] Ruiz also cites AR 456 to document a seizure in August 2010. However, Ruiz was admitted on a 5150 hold for a suicide attempt. AR 421. Ruiz notes that he reported a seizure in November 2010, but there is no record of his Dilantin level. AR 519. As of April 2011, Ruiz reported not taking his medications for four to five months. AR 661.

required of the worker for satisfactory job performance." DOT, Appendix C, Section III, 1991 WL 688702 (1991). The GED Scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development. *Id.* Reasoning Development Level One requires a person to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.* Reasoning Development Level Two requires a person to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id.*

The vocational expert listed three representative jobs. Two of the three jobs, industrial cleaner and production worker, require Reasoning Level Two. A limitation to simple one and two step tasks is inconsistent with Reasoning Level Two. *See Cardoza v. Astrue*, 2011 U.S. Dist. LEXIS 33821, at *5-*6 (C.D. Cal. 2011) (collecting cases); *see also Pouria v. Astrue*, 2012 U.S. Dist. LEXIS 76692, *5 (C.D. Cal. June 1, 2012). The limitation to one- and two-step instructions parallels the language contained in the description of Reasoning Level One, as distinguished from Reasoning Level Two. *See Coleman*, 2011 U.S. Dist LEXIS 33821 at *14. "Level 2 reasoning jobs may be simple, but they are not limited to one- or two-step instructions. The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning." *Grigsby v. Astrue*, 2010 U.S. Dist. LEXIS 5465, *6 (C.D. Cal. 2010).

The third job listed by the vocational expert requires Reasoning Level One, but is described as a bag loader of ordnance.[3] The ALJ detailed the 5150 holds on Ruiz during the period August 2010-January 2012. AR 31-32. None of the treating records suggested malingering. As the ALJ noted, Ruiz was diagnosed

---

[3] This job is listed under occupations in fabrication of ammunition, fireworks, explosives and related products. (DOT 737.687-014.)

6

with schizoaffective disorder.  AR 24.  As the ALJ further noted, the treating records indicate that Ruiz was at these times confused ("claimant stated that he was trying to have a beer with his dead brother"), violent, paranoid and subject to auditory hallucinations, suicidal thoughts and illogical thought processes.  Ruiz's Global Assessment of Functioning (GAF) scores ranged from 15-62 during this period, which covers a significant time span.  AR 31-32.  It would not appear that such an individual would be capable of work in industries involving ordnance, ammunition, fireworks or explosives.  The ALJ's RFC assessment understandably found that Ruiz should avoid exposure to hazards.  AR 27.

Given the frequency of 5150 holds, on remand the ALJ should assess whether the claimant has the ability to work on a sustained basis.  *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998); 20 C.F.R. § 404.1512(a).  "[O]ccasional symptom-free periods – and even the sporadic ability to work – are not inconsistent with disability."  *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995).

### IV.
### ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 26, 2013

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge